2025R00194/KLA

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. |
| v. | : | Crim. No. 25-538 |
| ERICA MORAIS | : | 18 U.S.C. § 641 |
| | : | 42 U.S.C. § 408(a)(3) |

## INFORMATION

The defendant having waived in open court prosecution by Indictment, the Acting United States Attorney for the District of New Jersey charges:

## COUNT ONE
(Theft of Public Money)

### Introduction

1. At all times relevant to this Information:

    a. Defendant Erica Morais ("MORAIS") was a resident of Elizabeth, New Jersey, and Washington Township, New Jersey.

    b. The Social Security Administration ("SSA") was an agency of the United States that administered programs under the Social Security Act, Title 42, United States Code, Section 301, *et seq.* (the "Act").

    c. The SSA, among other things, managed the Supplemental Security Income ("SSI") program under Title XVI of the Act. The SSI program paid monthly benefits to those who had limited income and resources if they were age 65 or older, blind, or have another disability. Disabled children under 18 years old could also be eligible for SSI if their parents met certain financial qualifications based on their income and resources.

d. In the State of New Jersey, an application for SSI was considered an additional application for Medicaid. Medicaid was a jointly funded, federally administered State health insurance program for low-income and needy people. It was funded by both the State of New Jersey and the United States Department of Health and Human Services ("HHS"). HHS, through the Centers for Medicare and Medicaid Services ("CMS"), oversaw and provided guidance to states on Medicaid programs. Medicaid covered children, the aged, blind, and disabled people who were eligible to receive federally assisted income maintenance payments, like SSI. Medicaid eligibility typically started the same time as SSI eligibility.

### The Scheme to Defraud

2. From in or around August 2013 through in or around January 2025, in Union and Warren Counties, in the District of New Jersey, and elsewhere, the defendant,

**ERICA MORAIS,**

did knowingly and intentionally embezzle, steal, purloin, and convert to her own use money of the United States exceeding $1,000, that is, approximately $330,499.33 in SSA program benefits and Medicaid benefits to which she was not entitled.

### Goal of the Scheme

3. The goal of the scheme was for MORAIS to obtain money and other benefits from the SSA and Medicaid to which her child, and therefore MORAIS, as the child's representative payee, would otherwise not be entitled by: (i) reporting

2

inaccurate household income to SSA; (ii) providing false documentation to SSA about who lived with her and her children between in or around 2013 and in or around 2025; and (iii) making false statements to SSA employees about both her household income and who lived with her and her children.

### Manner and Means

4. It was part of the scheme that:

   a. On or about February 26, 2009, MORAIS and her husband, P.M., had a daughter, Child 1. In or around June 2013, MORAIS applied for SSI on behalf of Child 1 because of Child 1's ongoing disability. When MORAIS applied for Child 1's SSI, P.M. resided with both MORAIS and Child 1 in an apartment in Elizabeth, New Jersey. During that time, P.M. maintained steady employment.

   b. As part of the application, MORAIS provided a letter to SSA allegedly from MORAIS's landlord stating that MORAIS lived at the apartment with no one other than her children. MORAIS provided this letter to SSA knowing that the letter was false in that it was not written by the landlord and that P.M. was living with MORAIS and Child 1.

   c. Because of the letter and MORAIS's continued fraudulent concealment of this information, neither SSA nor Medicaid included P.M.'s income from his full-time employment in its calculation of Child 1's benefits, which materially impacted the amount of money SSA and Medicaid paid MORAIS on Child 1's behalf.

d. In or around 2020, MORAIS, Child 1, and their family moved to a home in Washington Township, New Jersey. Mortgage documents for that home listed the borrowers as "P[.M.] and Erica C. MORAIS, husband and wife."

e. Nonetheless, in or around February 2024, MORAIS provided SSA with a letter, purportedly signed by a person with the initials L.M., stating that MORAIS and Child 1, along with MORAIS's second child, Child 2, rented a basement apartment in Washington Township from L.M. MORAIS provided this letter to SSA knowing that it was not actually written or signed by L.M. and that it fraudulently omitted that P.M., who was employed, resided with them at that address.

f. On or about April 4, 2024, MORAIS received notification from SSA that there was an SSI overpayment to Child 1 based on P.M.'s residing with MORAIS and Child 1. On or about June 25, 2024, MORAIS appealed the overpayment and told SSA that P.M. did not reside with the family in Washington Township and only used the address for his job and motor vehicles purposes.

g. On or about November 5, 2024, MORAIS met with special agents from SSA's Office of the Inspector General ("SSA-OIG") related to her daughter's SSI and Medicaid overpayments. Specifically, the agents asked MORAIS who lived with MORAIS at the Washington Township address and specifically whether her husband, P.M., lived there. MORAIS lied to the agents, telling them, among other things, that she rented an apartment in the house from the owners who lived upstairs and that she let P.M. use the address but that he lived separately in Phillipsburg, New Jersey.

   h. From in or around August 2013 to in or around January 2025, MORAIS, acting as Child 1's representative payee, fraudulently received Child 1's SSI and Medicaid benefits. MORAIS received these benefits despite knowing that she had a continuing duty to notify SSA, but did not, of the material fact that P.M. lived with her and maintained steady employment.

   i. As a result of her scheme to defraud, from in or around August 2013 to in or around January 2025, MORAIS, acting as the representative payee of her daughter, Child 1, received approximately $72,080.81 in SSI benefits and approximately $258,418.52 in Medicaid benefits to which she was not entitled.

 In violation of Title 18, United States Code, Section 641.

## COUNT TWO
(False Statements)

5. The allegations set forth in paragraphs 1, 3, and 4 of this Information are realleged here.

6. On or about November 5, 2024, in the District of New Jersey, and elsewhere, the defendant,

**ERICA MORAIS,**

knowingly made and caused to be made false statements and representations of a material fact for use in determining rights to any payment under Subchapter II of Title 42, United States Code, to wit: the defendant reported falsely to representatives of the SSA that she rented a basement apartment in a home where she lived solely with her children when, in fact, she owned the home with her husband who resided with her and her children, and her husband maintained steady employment, both of which would have impacted the calculation of MORAIS's daughter's SSI benefits.

In violation of Title 42, United States Code, Section 408(a)(3).

## FORFEITURE ALLEGATION

Upon conviction of Theft of Government Funds, in violation of Title 18, United States Code, Section 641, as charged in Count One of this Information, the defendant, ERICA MORAIS, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real and personal, the defendant obtained that constitutes or is derived from proceeds traceable to the commission of said offense, the value of which totaled $330,499.33.

## SUBSTITUTE ASSETS PROVISION

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property.

*Alina Habba*

ALINA HABBA
Acting United States Attorney and
Special Attorney

CASE NUMBER: 25-

# United States District Court
## District of New Jersey

UNITED STATES OF AMERICA

v.

ERICA MORAIS

# INFORMATION FOR

18 U.S.C. § 641
42 U.S.C. § 408(a)(3)

TODD W. BLANCHE
UNITED STATES DEPUTY ATTORNEY GENERAL

ALINA HABBA
ACTING UNITED STATES ATTORNEY AND SPECIAL ATTORNEY
FOR THE DISTRICT OF NEW JERSEY

KEITH L. ABRAMS
SPECIAL ASSISTANT U.S. ATTORNEY
NEWARK, NEW JERSEY
(973) 645-2848